Complainant is the holder of a tax title to certain property in the town of Belleville. On February 23d 1928 (within the statutory period allowed for redemption), defendant *Page 253 
paid to the collector of taxes $1,713.01 to redeem. Complainant's contention is that defendant is not entitled to redeem.
The statute gives the right of redemption to "the owner, mortgagee, occupant or other person having an interest in lands sold for municipal liens." Tax Sale Revision of 1918. P.L. 1918ch. 237 § 37; 2 Cum. Supp. p. 3534 § 40.
The following are undisputed facts:
On May 6th, 1875, Hugh Holmes and wife mortgaged the premises in question to one Henry Osborne. In 1886 Henry Osborne assigned this mortgage to Arthur H. Osborne and Joseph H. Osborne, and in 1898 proceedings for the foreclosure of said mortgage in this court resulted in a decree of sale and sale by the sheriff of the mortgaged premises. Arthur H. Osborne and Joseph H. Osborne were the purchasers and received sheriff's deed in the usual form.
In 1927 Arthur H. Osborne and wife conveyed to defendant, Lloyd, and in the same year Mr. Lloyd obtained deeds from the heirs-at-law of Joseph H. Osborne, who had died intestate.
The premises in question are on the corner of two streets, Hornblower avenue and Rutgers street. Both of these streets have for many years been in public use. Hornblower avenue was originally Hornblower lane, and later widened and called Hornblower avenue. The lots have been and are vacant and unfenced, except that on the easterly side a fence was erected on the dividing line by the owner of the adjoining premises, Mr. Sleator.
This title running back over fifty years is, in my opinion, sufficient to vest in the defendant the right to redeem.
He derives his title from the Osbornes, who, in their turn, derived it from a sheriff's deed after the usual proceedings in foreclosure. He represents the mortgagee and certainly is a "person having an interest" in the lands. Complainant has not sustained the burden of proof that defendant has under the statute no right to redeem.
The next point is that defendant did not pay the entire amount he should have paid and therefore there was no redemption. Complainant testified he paid $1,959.97 for this property "amongst other land." Complainant says $1,790.48 *Page 254 
should have been paid. $1,713.01 was actually paid, which, if we accept the complainant's figures, would be $77.47 too little.
Complainant's counsel explains the larger sum by saying that it included the taxes for 1925 paid by complainant. Complainant did not so testify and, although an opportunity was given to recall the collector and take his testimony as to who paid these taxes, this was not done. Defendant, on the other hand, testified that he asked for the bill for 1925 taxes, received it and sent a check. The receipted bill was produced. Defendant also testified — and it is uncontradicted — that he was present at the sale when the premises were offered, that he was the only bidder, but when he made his bid the officer said "taken by the town of Belleville at flat." This is explained to mean that the one redeeming would not have to pay any interest. On this theory the amount paid was about $250 more than it need to have been. On this point also complainant has failed to sustain the burden of proof that his allegations as to amount that should have been paid are correct.
I will advise a decree dismissing the bill.